BEERMANN *et al. v.* DeGIVE, executor, *et al.*

1. Construing the will now under consideration, in the light of the surrounding facts, the scheme of the testator, so far as it relates to his widow, will be effectuated by treating the $5,000 paid to her upon the life-insurance policy as a part of his estate, by allowing her to retain the same and paying to her in addition the further sum of $5,000 from the general funds of the estate ; all to be owned by her absolutely and not for life only.

2. When an undivided interest in an entire estate, which consists of both realty and personalty, is devised to one for life, with remainder over to others, and the whole estate is necessarily and properly kept together for a period of years, the necessary expenses of keeping the realty in repair and the legitimate expenses of administration are, as between the life-tenant and the remaindermen, properly payable out of the estate's income.

Argued January 2, — Decided January 25, 1901.

Petition for direction, etc. Before Judge Lumpkin. Fulton superior court. February 6, 1900.

*Walter R. Brown* and *Albert H. Cox,* for plaintiffs in error.
*Hamilton Douglas,* contra.

FISH, J. L. deGive, as executor of the will of Charles Beermann deceased, filed in the superior court a petition, in which he prayed that certain items of the will be construed by the court, and that petitioner be directed in relation thereto. All beneficiaries under the will were made parties. By consent the court tried the case without a jury, upon the allegations of fact in the pleadings, which were agreed to be true. The items in question are as follows:

Item 2. "I give, bequeath, and devise to my wife, Anna Beermann, ten thousand dollars life-insurance carried by me, or that sum hereafter carried by me. Should I from any cause, by nonpayment of premiums or otherwise, suffer said policy to be forfeited, then the sum of ten thousand dollars is to be paid my said wife out of my estate. Should my wife die, then this item of my will is to be carried out, and said insurance-money, or, in its absence, ten thousand dollars from my estate, is to be paid and to go [to] my son Walter, the money to be kept at interest until said Walter arrives at the age of twenty-one years, then the whole to be delivered to him. This is given to my wife in lieu of whole dower and to replace it, and this sum of ten thousand dollars in life-insurance

or in money is to be paid to her in addition to the one-fifth interest of my estate hereafter given her."

Item 5. "After deducting of my estate all the above-mentioned bequests, the remainder and balance of said estate shall be divided and distributed as follows, in five equal parts: (a) One fifth of my estate I give to my daughter Mrs. Maggie D. Evers, during her life, and after her death said one-fifth interest shall be divided among her children then living. Said Maggie is only to use the interest arising from said one fifth of my estate, the corpus to be kept intact. . . (e) One fifth of my estate I give to my wife Anna, and in case of her death said one-fifth interest is to be given my son Walter, to be in such event kept at interest by my executors until he arrives at the age of twenty-one years. These bequests of one fifth of my estate to my wife Anna, and of one fifth to my son Walter, are given in addition to the above-mentioned bequests in items second and third, made in their favor."

Only one policy of insurance upon the life of Charles Beermann was found by the executor. This was in force at the time of the execution of the will, as well as at the testator's death, and was for $10,000, half of which was, by the terms of the policy, payable to Mrs. Anna Beermann, testator's wife, and the other half to his son Walter. They had each been paid $5,000 of this insurance-money prior to the filing of the petition. Mrs. Beermann contended that, under the provisions of the will, she was entitled to ten thousand dollars from the estate, in addition to the five thousand dollars of insurance-money she had received as one of the beneficiaries of the policy. The court below held that, as a legatee can not claim under and against the will, Mrs. Beermann, after taking, as a beneficiary thereunder, half of the proceeds of the policy of insurance, was not entitled to receive anything whatever from the general estate of her husband beyond the one-fifth interest given her under item 5 of the will. To this ruling she excepted.

1. We can not agree with our learned brother of the circuit bench in his construction of the will. We do not think that Mrs. Beermann, in receiving half of the proceeds of the policy of insurance which was payable to her and Walter Beermann, should be held to have so claimed against the will as to bar her from taking under it. She was merely asking that the will be so construed as to give her ten thousand dollars in addition to the five thousand she had

received from the policy of insurance, and contended that such would be the proper construction of the will; but she prayed that, if the court should not consider her contention sound, she be paid from the estate five thousand dollars in addition to what she had received, so that she might get the ten thousand dollar legacy her husband intended to leave her. Looking to the whole will for the intention of the testator, it is clear that his purpose was to give his wife ten thousand dollars in addition to one fifth of the residuum of his estate. It is equally certain that he was under the impression that he had the right to make a testamentary disposition of the proceeds of an insurance policy on his life, and upon which he paid the premiums, although it was not payable to his legal representative, and in making his will that he intended to deal with any such policy that might exist then or at the time of his death, as his property. The will shows that it was his desire that his wife should have ten thousand dollars of insurance money, and "in its absence," that a like amount should be paid her by his executor from other sources. It is therefore our opinion that, in order to carry out the testamentary scheme, the five thousand dollars paid to Mrs. Beermann upon the life-insurance policy should be treated as a part of the testator's estate, and that the executor should pay her, from the general funds of the estate, an additional sum of five thousand dollars, thus enabling her to obtain the ten thousand dollar legacy which the testator obviously intended that she should receive.

The trial judge was of opinion that if Mrs. Beermann was entitled to any legacy under item 2 of the will, it was absolute, and not merely for life, with remainder to Walter Beermann. To this we entirely agree.

2. It was admitted that the whole estate was necessarily and properly kept together by the executor for several years after the death of the testator, and that during this time there were incurred by the executor, in keeping the realty in repair and in the proper administration of the estate, certain necessary and legitimate expenses. Mrs. Maggie D. Evers, to whom one fifth of the residuum of the estate was given for and during her life, with remainder to her children living at her death, contended that such expenses, or an equitable proportion thereof, "should be charged against the interest of the remaindermen, and that the entire burden should not

fall upon her"; in other words, that such expenses should be paid from the corpus of the estate, and not from the income. Upon this question the court below very properly held: "The items of expense set out in the petition as incurred by the executor are charges against the estate before legatees are entitled to distribution. . . Charges proper as debts against the estate are primarily payable from the income thereof, before resorting to corpus. A person named as life-tenant can not claim to have the income set aside as a life-estate free from debts of the estate and lawful charges against it, in whole or in part, and require the remainder interest to be charged with such debts and charges, or any of them. She can not treat the estate in the hands of the executor as if already divided up and as if her life-estate had been delivered to her, so far as to claim income before payment of debts of the estate and lawful charges against it. Even if she could treat an undivided one-fifth as if already divided, and as if she had a complete life-estate, and the question arose between her and the remaindermen, I hold that the expenses named in the petition could not be cast on the remaindermen, nor any part of them." *Judgment reversed. All the Justices concurring.*