CONTINENTAL CASUALTY COMPANY V. KATIE BUCHTEL.

FILED NOVEMBER 11, 1905.    No. 13,960.

1. Insurance: INJURY: NOTICE. Where notice of an injury is received by an accident insurance company and the company acts upon such notice, it is immaterial as to what relationship existed between the sender of the notice and either the assured or the beneficiary.

2. Proof of Loss: WAIVER. Where the conditions of an insurance policy provide for filing final proof of loss upon blanks furnished by the company within thirty days of the injury and the company, with knowledge of the injury, neglects to furnish such blanks within the time specified, such conduct on the part of the company is a waiver of the condition as to time.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. *Affirmed.*

*Billingsley & Greene, Manton Maverick* and *R. H. Hage-lin,* for plaintiff in error.

*T. J. Doyle* and *G. W. Berge, contra.*

OLDHAM, C.

On February 20, 1902, the Continental Casualty Company, defendant in the court below, issued its policy of insurance insuring the life of Joseph E. Buchtel against death by accident in the sum of $300. Katie Buchtel, plaintiff in the court below and niece of the assured, is the

beneficiary named in the policy. The assured resided at
Port Hill, in the state of Idaho, at the time of his death,
and the beneficiary, who was then a minor, resided with
her mother in the city of Omaha, Nebraska. On the 14th
day of July, 1902, the assured was killed by a falling tree
in a cyclone, and had then paid the premium on his policy
to April 30, 1903. Immediately after the death of the as-
sured, the coroner of Kootenai county, Idaho, notified the
defendant company of the fact of the assured's death by ac-
cident. When this notice was received, the company re-
quested further information concerning the accident, to
which the coroner replied in a letter, describing with great
particularity every incident connected with the death of the
assured and giving the verdict of the coroner's jury at the
inquest. Subsequently, on the 27th of October, 1902, more
than 100 days after the accident, defendant company wrote
a letter to the coroner (Dr. G. E. Barber) as follows: "We
hand you herewith proof of death blank upon which formal
proof of death of Edward J. Buchtel, holder of policy No.
463,375, may be furnished us for further consideration of
the case." The evidence of the defendant is that it never
received any answer to this letter, but nothing is said as
to whether or not the blank furnished was ever returned.
About four months after the death of the assured, plain-
tiff's mother, having been informed of such death and also
of the fact that the deceased held a policy of insurance
payable to her daughter, wrote to the defendant, asking for
information as to that fact. In answer to this communica-
tion, the company informed plaintiff's mother as to the
number and amount of the policy, and also of the fact that
the company had been notified by the coroner of the death
of the assured, and that blanks for the proof of death had
been sent by the company to the coroner, from which it had
received no return. Plaintiff and her mother, after a con-
siderable delay, finally succeeded in procuring from the
coroner the policy of the deceased, and thereafter, on June
15, 1903, the plaintiff, by her attorney, wrote to the com-
pany, inclosing the coroner's certificate of the death of the

assured as a proof of loss, and demanded settlement of the policy, and at the same time offered to furnish any further information required.   In answer to this communication the company replied as follows: "The first notice which the beneficiary herself, or any one acting for her, gave to this company was under date of November 18, more than four months after the death, when the mother of the beneficiary wrote in her behalf and stated that she was informed at the time of Mr. Buchtel's death he had a policy in this company.   *   *   *   I grant you, as you know, that the coroner had previously advised the company of the death.   In response to that information, blank was furnished him on the presumption that he was acting for beneficiary.   That blank has never been returned to this office and we have at the present time no affirmative proof as required by the policy.   You will see from the above that, if the coroner was the agent of the beneficiary, the claim is disallowed for failure to furnish proof as required.   If he was not the agent of the beneficiary, then the claim is disallowed for insufficiency of notice.   I am therefore obliged to inform you that we have no legal liability on this claim and that the same is rejected for the reasons above given, and for other reasons which are not necessary to take up at this time." On the trial there was no conflict in the testimony, and, when the evidence was all in, the court directed a verdict for plaintiff and entered judgment on the verdict. To reverse this judgment defendant brings error to this court.

Defendant relied on two defenses contained in the conditions of the policy.   The first one is that a written notice from the insured, or his representative, and a certificate from the attending physician or surgeon, stating the time and place of the injury or death, should be received at the office of the company within 30 days after the date of such injury or death.   The contention with reference to this defense is that the coroner, who attended the inquest, was not the representative of the assured when the notice was given.   This contention is wholly without

merit, in view of the fact that the notice was received and retained by defendant, and further particulars of the death and its surrounding circumstances were requested by the defendant from the coroner, and the answer to this request, mailed on August 18, 1902, was received and retained by defendant, without any suggestion of further proof of loss, until October 27, 1902, when the letter inclosing the company's blank is alleged to have been sent for the final technical proof required. Now, while defendant's witness testified that he never received any answer to this letter, he nowhere says that the proof of loss was never filled out and returned by the coroner to the company. If, as a matter of fact, a true notice of the loss was received and acted upon by the company, the relation of the parties sending the notice to the deceased, or his beneficiary, is wholly immaterial. *Omaha Fire Ins. Co. v. Dierks,* 43 Neb. 473.

The second defense relied upon—the failure to file the blank furnished by the company within 30 days—is pleaded in a negative pregnant, as follows: "That final proofs containing answers under oath to questions in the blank furnished by the company for that purpose were not filed with the company in Chicago, Illinois, within one month from the date of the injury, and thereby all claims for benefits were waived and forfeited to the company, and the defendant company has in no manner waived the conditions of said policy so as above alleged." Now, this allegation of the answer is tantamount to admitting that proof on a blank furnished by the company was filed, but not within 30 days of the date of the accident. The fact that the company had timely notice of the death, of which it subsequently received full particulars from the coroner holding the inquest, and neglected to furnish the blank on which a more formal proof was required for more than 100 days after the accident, was clearly a waiver of the time in which this technical requirement might be relied upon. And, again, the fact that the defendant company refused and neglected to furnish

blanks to the plaintiff, when her attorney offered to furnish any information required was, under all the circumstances, a waiver of a demand for such special form of proof. And still again, when the managing officers of defendant, in answer to the letter of plaintiff's attorney, denied liability on the policy for other reasons than failure to file this notice, such denial of liability was a waiver of the proof of loss. *Home Fire Ins. Co. v. Fallon,* 45 Neb. 554.

We therefore conclude that the learned trial court was fully justified in directing a verdict for the plaintiff at the close of the testimony, and we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.