CONRAD SCHNEIDER, ADMINISTRATOR, APPELLEE, V. MODERN WOODMEN OF AMERICA, APPELLANT.

FILED JULY 11, 1914.  No. 17,705.

1. **Fraternal Insurance: BENEFICIARY.** Under the provisions of section 94, ch. 43, Comp. St. 1911, in force when the cause of action. in this case arose, payment of death benefits to a member of a fraternal beneficiary association could only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon a member; and where one within the class designated, who was named as beneficiary in the certificate of membership in suit, died before the member, such certificate thereby became payable to the legal surviving heirs of such member.

2. ———: **BENEFITS: RIGHT OF ACTION.** And upon the death of such member his certificate of membership did not become an asset of his estate, nor in any manner liable for the payment of his debts; and no action can be maintained by the administrator of his estate upon such certificate.

3. **Principal and Agent: RATIFICATION.** The acts of a self-constituted agent may be ratified by the one for whom such agent has assumed to act, as of the date when the acts were performed.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

96 Neb. 35

*Benjamin D. Smith* and *Nelson C. Pratt,* for appellant.

*F. W. Button, contra.*

FAWCETT, J.

Defendant is a fraternal beneficiary society. As such it issued a certificate of membership to one John M. Maask, whom we will designate as the assured. In the certificate the mother of the assured was named as beneficiary. The certificate provided that, in case of the mother's death before that of the assured, the certificate should be payable to the assured's legal heirs. The mother predeceased the assured. Upon the subsequent death of the assured, plaintiff was appointed administrator of his estate, and as such brought this action in the district court for Dodge county to recover upon such certificate. From a judgment in his favor, defendant appeals.

Plaintiff in his petition recites that he "brings this action to recover said sum of $1,000 for the use and benefit of the legal heirs of said John M. Maask, deceased." The petition also alleges the facts above set out, and further alleges that, "under the terms of said certificate, the said sum of $1,000 is now due and payable to the legal heirs of said John M. Maask." This allegation, alone, is sufficient to defeat plaintiff's right to maintain the action. The plaintiff is not a legal heir of the assured, but is the administrator of his estate. As administrator he has absolutely no interest in the membership certificate upon which the action is based. It is not an asset of the estate of John M. Maask, deceased. No part of it can be applied to the payment of his debts or to the costs of administration of his estate. The administrator is a stranger to this certificate, and has no more right to maintain an action upon it than if Mrs. Fringel, the mother of the assured and the beneficiary named in the certificate, were still living. If she were living and were neglecting to take steps to collect the certificate, that would be none of the administrator's concern. She being dead, and the certificate being payable to the legal heirs of Mr. Maask, instead of to her,

the relation of the administrator to the certificate is in no manner changed. Under the provisions of section 94, ch. 43, Comp. St. 1911, and under the provisions of the by-laws of defendant society, the only persons interested in the beneficiary certificate are the legal heirs of the assured. They are therefore the only persons who can prosecute an action upon the certificate. If they see fit to neglect to do so, that is their matter, and is no concern of the administrator. The petition alleges who the legal heirs are, gives their names, and states their relationship to the assured, thus showing that they were known to the plaintiff when the action was commenced, and that they are the ones to whom the certificate belongs and is payable. The petition alleges that plaintiff brings this action "for the use and benefit of the legal heirs of said John M. Maask," but it no-where alleges that it does so at the request of or by the authority of such legal heirs. He has no right to incur expense of litigation without the consent of the heirs. If they desire to have the matter litigated, they have the right to incur their own expenses and employ their own counsel. If plaintiff should be permitted to recover in this action, who would have to bear the expense of litigation? Plaintiff, as administrator, could not charge it up against the estate of Mr. Maask any more than he could charge the expense of any other purely private litigation to the estate. If he should collect the money upon a judgment rendered in this action and fail to pay it over to the heirs, the judgment would be no protection to the defendant in another action brought by the rightful owners of the certificate. If he should collect the money and squander it, neither the owners of the certificate nor the defendant could recover from his bondsmen as administrator, for the reason that, in everything done in relation to the bringing of the action and as to all proceedings thereunder, the court would be compelled to hold that he had acted clearly outside of his duties as administrator, and that for such acts his bondsmen could not be held liable. Suppose the administrator had found among the papers of

Mr. Maask, a note payable to Carl Schneider, whom the petition names as one of the present legal heirs. Could the administrator bring an action upon that note against the maker, in his petition allege that Carl Schneider was the owner of the note, fail to allege that the decedent had any interest in it at the time of his death, and maintain such action over the maker's plea that the plaintiff was not the real party in interest? We think not. We are unable to see any theory upon which plaintiff can maintain the present action.

It is conceded by defendant that it should pay the amount of the certificate to some one, but it insists that it should only be required to make payment to the actual beneficiaries. The evidence shows that the plaintiff, after the death of the assured, gave defendant the notices and proofs of death required by the by-laws of the association. While plaintiff, as administrator, cannot maintain the present action, the heirs for whom he assumed to act may ratify his acts in giving defendant notice and furnishing it proofs of death, as required by the by-laws, on the theory that in giving those notices and furnishing the proofs of death plaintiff was acting as the agent of the heirs for that purpose. The fact that at the time of so acting he may have been a self-constituted agent does not prevent their ratifying his unauthorized act. 31 Cyc. 1246, and note 92, also page 1283, and note 38; Mechem, Law of Agency, secs. 124, 128.

The judgment is therefore reversed and the cause remanded to the district court, with directions to permit the substitution of the real parties in interest, if they so move within a reasonable time to be fixed by the court, as plaintiffs, as of the date of the commencement in that court of the present action, and for further proceedings according to law.

REVERSED.

SEDGWICK, J., dissenting.

It seems to me that the opinion of the majority is somewhat inconsistent in holding that the administrator had

no more right to bring the action than he would have to sue upon a note belonging to an entire stranger, and also allowing the heirs to be substituted as plaintiffs as of the commencement of the action. If one who has no interest whatever in a note volunteers to bring an action thereon in his own name as owner, after the action has been appealed to this court and reversed because the plaintiff has no interest therein, can the owner of the note be substituted as plaintiff "as of the date of the commencement of the action," and so charge the defendant with a large bill of costs which were unlawfully made? It is said in the majority opinion that if the plaintiff had recovered the defendant would still be liable to the heirs. If so, it was necessary for it to defend, and yet it is charged with the costs so incurred. In *Shea v. Massachusetts Benefit Ass'n,* 160 Mass. 289, it was held that when the beneficiary named had died before the insured, and the heirs therefore became entitled to the fund, the administrator could maintain an action for the heirs, citing several cases. The Massachusetts cases and cases from other courts holding the same rule are cited by this court with approval in *Warner v. Modern Woodmen of America,* 67 Neb. 233.

In the syllabus of the majority opinion it is said: "Where one within the class designated, who was named as beneficiary in the certificate of membership in suit, died before the member, such certificate thereby became payable to the legal surviving heirs of such member. And upon the death of such member his certificate of membership did not become an asset of his estate, nor in any manner liable for the payment of his debts." This is stated as the reason that the administrator cannot maintain the action for the benefit of the heirs.

This court undertook to state the rule for determining in whose name the action should be brought, in these words: "The right of recovery (by the administrator) under the enactment to which we have just alluded would arise alone from the party standing in such relationship to the deceased as to be entitled to his estate, or a share of

it, by virtue of heirship.   Under this statutory law in relation to damages the right of any party thereto is dependent upon the degree of kinship to the deceased, which must be such as to confer the right to inherit the estate." *Fitzgerald v. Donoher,* 48 Neb. 852.   That is, if the right to damages depends upon heirship, the action must be by the administrator.   This is because the administrator represents the heirs as well as the creditors in our state.  And so, if heirs only can recover, the administrator must bring the action, unless the statute otherwise provides.   When the death of a person is caused by a wrongful act of another the party injured may recover damages.   Rev. St. 1913, sec. 1428.   The damages go directly to the heirs or next of kin, and the creditors have no interest whatever in the matter.   This court has uniformly held that such action must be brought in the name of the administrator. The case is exactly the same as the one at bar so far as this point is involved.   In the cases reported the courts were generally discussing who was ultimately entitled to the money, and not the technical question of practice which is now being decided.   If the administrator was claiming and suing for the money in behalf of the right party— that is, the party ultimately entitled to the money—the courts held that he could maintain the action; but, if he was claiming the money for the creditors, or for the estate generally, so that the creditors would ultimately get it if necessary to pay their claims, and the money really belonged to the heirs, then the courts held that he could not maintain such an action, and they have not discussed the technical question as to when the administrator could maintain the action in favor of the parties really entitled to the money, and so this decision is a new and leading case upon this point.   In the case which we have decided (*Warner v. Modern Woodmen of America,* 67 Neb. 233) the administrator was claiming that the money belonged to the estate, so that the creditors would get it as against the heirs, and we held that he could not maintain such an action; but we expressly approved those cases which held

that the administrator could maintain the action when he was prosecuting it for the benefit of the parties who were really entitled to the money. There are few, if any, cases where any court has decided that the administrator, if he is claiming for the right party, either the heirs or the creditors, whichever is entitled to the money, cannot maintain the action. When the administrator has claimed the money for the wrong party, the courts have discussed the question as to what party is entitled to the money, and then have said that an administrator could not maintain that action, and these are the cases relied upon in the majority opinion. In all similar cases decided by this court the judgment of the district court upon this point was affirmed, and, if it had been necessary, I believe the court would have allowed an action to be brought by either the administrator or the person injured, in order to sustain the judgment and prevent the uselessness of another trial when the parties interested were consenting to the action and it was clear that the proceeds would go to the right party.

I think that the plaintiff did right in bringing this action. The decedent had invested his money in this certificate, and was interested in preserving its validity. His administrator represents him; the certificate was found among the assets of the decedent, and so came into the plaintiff's care as a part of the estate. There were known to be heirs, but it was not known where they were. The administrator should take such steps as were necessary to preserve the validity of the certificate and the investments made by his decedent, and both himself and the sureties on his official bond would be liable for his neglect if he failed so to do. They would also be liable for the proper disposition of the funds if collected by such suit. Modern law does not require us to enforce an immaterial technicality, thereby causing a great loss to innocent parties. The substitution of one plaintiff for another, who never had any interest in the litigation, after reversal upon appeal, and at the costs of the defendant, is something new, and is a radical departure from the ordinary practice.