EDITH R. STONE, APPELLANT, v. JAMES H. STINE ET AL., APPELLEES.

FILED JULY 14, 1920. No. 21064.

1. **Wills:** CONSTRUCTION. Both in construing a will and in determining the rights of parties under it, the supreme controlling consideration is the intention of the testator.

2. ———: LEGATEES. By claiming under the will, a legatee, by implication, submits to the testator's intention.

3. ———: ———. Where a testator, having life insurance payable to his heirs at his death, treats it as part of his estate in making his will, in the belief that it is, his belief in that regard, though erroneous, is adopted by all legatees claiming under the will and is binding upon them.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed as modified.*

*Will H. Thompson & Son,* for appellant.

*Charles W. Sears* and *John W. Graham, contra.*

CAIN, C.

Plaintiff, a minor, by her guardian and next friend, brought this suit to require her father's testamentary

105 Neb.—3

trustee to give a fidelity bond to secure trust funds to the extent of $1,000. The defendant trustee, James H. Stine, in his answer and at the trial, declared himself willing to execute the required bond to secure funds to the extent of $600 only, claiming that plaintiff had already received $400 of her legacy. The judgment of the district court was that the defendant trustee held only $600 belonging to the plaintiff, and ordered him to give a fidelity bond to plaintiff in that sum, premiums thereon to be paid out of plaintiff's trust estate in his hands, the costs of suit to be taxed to plaintiff. The plaintiff appealed. Decision of this case incidentally involves the construction of a will.

The facts are all stipulated and, as far as material, are as follows: Edith R. Stone, the plaintiff, is a minor of the age of 15 years on July 21, 1919, and is the daughter of John W. Stone, the deceased testator, by his second wife, Luvilla J. Stone, divorced, who is plaintiff's guardian. The interveners, Mamie Stine, Floyd E. Stone, Ella M. Stone, and Ethel Stone are children of John W. Stone by his first marriage, and are appellees herein.

John W. Stone died in the state of Washington on January 23, 1911, leaving a last will and testament executed on the 4th day of November, 1910, which was duly admitted to probate at Seattle in February, 1911. Final decree of distribution was entered December 3, 1913.

The portions of the will material to this suit are as follows: "First. To my children by my first wife, to wit, Mamie Stine, wife of James H. Stine, of Omaha, Nebraska, Floyd E. Stone, Ella M. Stone and Ethel Stone, I give the life insurance which I have in the 'Ancient Order of United Workmen,' to wit, two thousand dollars ($2,000), share and share alike.   *   *   * Second. To Edith R. Stone, my daughter by my second marriage, if she survive me, I give the sum of one thousand dollars ($1,000) in cash, and direct that if

said Edith R. Stone be under the age of twenty (20) years at the time of my death, this bequest shall be paid to said James H. Stine, as trustee, to hold the same, both principal and interest, until my said daughter arrives at the age of twenty (20) years, at which time the entire sum, both principal and interest, shall be paid over to her. But if my said daughter shall die before she reaches the age of twenty (20) years, then this bequest shall lapse and the amount thereof shall be paid into the residue of my estate under the provisions hereinafter set out.'' The third paragraph of the will bequeaths the residuary estate to James H. Stine, to be held by him in trust until the youngest surviving child of the testator's first marriage shall reach the age of 23 years, at which time the entire residuary estate shall be divided equally between the surviving children of the first marriage, or the children of any deceased child of the first marriage by right of representation. The trustee has given no bond, and plaintiff offers that the premium be paid out of her trust estate.

For nearly 20 years before his death, the testator had a benefit certificate for $2,000 in the Ancient Order of United Workmen. His first wife, Eva D. Stone, was named as beneficiary, but after her death no new beneficiary was named. Hence, it was payable, at his death, only to his five children in equal shares, as all parties concede and as this court has held. *Schneider v. Modern Woodmen of America,* 96 Neb. 545. The Grand Lodge insurer refused to pay the insurance money to the executor, and it was paid to the five children in equal shares, plaintiff receiving $400 thereof. She claims that she is entitled to retain this $400 and, in addition, to receive the legacy of $1,000 under the will. Appellees contend that the $400 already received by her should be deducted from the $1,000.

On October 19, 1910, Luvilla J. Stone, mother and guardian of plaintiff, was granted a divorce from John

W. Stone and was awarded the custody of plaintiff, who was then six years old, and $25 a month for the plaintiff's support during her minority. After the death of John W. Stone, Luvilla J. Stone, as plaintiff's guardian, filed a claim against his estate for $825, the amount then due on the monthly payments, and the further sum of $2,500 to cover the payments thereafter to become due until plaintiff should become of age in 1922. On the court's order, and out of the estate, $825 was paid to plaintiff's guardian and $2,500 was paid to the Title Trust Company of Seattle, plaintiff's trustee. The entire estate, after payment of all debts, other than the two payments above noted, consisted of a half interest in some lots in Seattle valued at $2,250, $8,311.43 cash, and other items of less value than $100. After deducting those two payments, there remained in the hands of the executor only $4,986.43, which he paid to the defendant trustee.

It will be noted from the will itself that the testator believed he had power to make testamentary disposition of the $2,000 life insurance money, and that he made his will with the idea that it was a part of his estate. Of course, he was mistaken about this, since the insurance was payable to his children, no new beneficiary having been named. Nevertheless, it was included within his testamentary scheme, and he treated the insurance as part of his estate and it must be so treated by all who claim under the will. He provided that plaintiff should have but $1,000 out of the whole of what he regarded as his estate. That was the testator's intent, and it is controlling and must prevail over every other consideration, not only in the construction of the will, but in determining the rights of all persons claiming under it. *Beermann v. DeGive,* 112 Ga. 614; *Weeks v. Weeks,* 77 N. Car. 421; *Worley v. Wimberly,* 99 Neb. 20; *Hill v. Hill,* 90 Neb. 43; *In re Estate of Willits,* 88 Neb. 805; *In re Estate of Manning,* 85 Neb. 60; *St. James Orphan Asy-*

*lum v. Shelby,* 60 Neb. 796; *Mohr v. Harder,* 103 Neb. 545. By claiming under a will, a legatee adopts and submits to the testator's intent. *Weeks v. Weeks, supra.*

The testator intended that this life insurance money should go to the four children of his first marriage in equal shares, and that this plaintiff should have a total of only $1,000 out of what he regarded as his estate. If plaintiff's contention should prevail, she would receive $400 more than the testator intended and each of the appellee children would receive $100 less than he intended, and thereby his whole scheme would be disarranged and his purpose defeated. This cannot be permitted. The only way now to carry out the testator's intent is to treat the insurance money as part of the estate as he treated it, and charge the $400 already received by plaintiff against her legacy of $1,000, leaving $600 in the hands of the trustee belonging to her.

But appellant contends that the parties to the will and those concerned in carrying out its provisions have placed a different construction on the will by treating the insurance money as not being a part of the estate at all, citing *Cady v. Travelers Ins. Co.,* 93 Neb. 634, *Jobst v. Hayden Bros.,* 84 Neb. 735, and *Pate v. French,* 122 Ind. 10, in support of the contention. There are two answers to this contention. One is that the insurance money was paid by the Grand Lodge and received by the children under actual legal necessity and they had no alternative, and, hence, their act cannot be interpreted as a construction of the will. The other answer is that the legatees cannot displace the testator's intent by their interpretation without setting aside the whole will. The two Nebraska cases cited relate to the construction of contracts and no will was involved. The Indiana court simply upheld deeds made by devisees. Neither of the cases cited is in point.

Appellant also contends that the probate court of the state of Washington has construed the will in her favor.

We have examined the decree of that court with care, and the construction of the will was not in issue or before the court, and was not decided. The report of the executor to that court shows that he has paid the total sum in his hands, after the payment of debts and charges, over to the trustee, and states the total amount and the names of all legatees, but does not state any specific amount to be paid to any legatee. There could not be and was not any judicial construction of the will by that court.

Appellant further complains that the trial court erred in holding that the trustee should account for the money from December 8, 1913, instead of February 14, 1912, when he received a sum sufficient to cover the bequest to plaintiff. In this appellant is right, and it is conceded by appellees in their brief, and the decree of the district court should be modified accordingly. Complaint is also made of the taxing of the costs to plaintiff, but we think the costs were properly so taxed.

We recommed that the judgment of the district court be modified so as to require the defendant trustee to account to plaintiff for the $600 from February 14, 1912, and that, as so modified, the judgment of the district court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, as modified, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.