WARD MCDOWELL, APPELLEE, V. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 29, 1935. No. 29238.

*Beghtol, Foe & Rankin,* for appellant.

*Clinton J. Campbell* and *John J. Wilson, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Eberly, J.

The petition in this case declares upon a policy of accident insurance issued by the defendant insurance company to plaintiff; alleges that plaintiff suffered an accident on April 5, 1931; that since that date he has, as a result thereof, been wholly disabled and is entitled to recover on the policy a weekly indemnity of $25 for "total disability;" that after the accident defendant accepted and allowed plaintiff's claim for total disability, and thereafter regularly paid such indemnity up to and including March 19, 1933; that at this time payments were stopped and defendant refused to continue the same. The prayer of the petition is for judgment against defendant in the sum of $25 a week from and after March 19, 1933.

In its answer, in addition to a general denial, defendant admits, as alleged in said petition, that it has paid plaintiff weekly indemnity provided in said contract up to and including March 19, 1933, "but alleges and says that since said 19th day of March, 1933, *said plaintiff has suffered only partial disability, for which reason defendant has refused to pay plaintiff total disability under said policy, as claimed by plaintiff."*

The second and third paragraphs of defendant's answer plead defenses based upon a provision of the policy in suit relating to "change of occupation to greater hazard," which is in the following terms:

"This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classi-

fication of risks and premium rates in the event that the insured is injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits so fixed by the company for such more hazardous occupation."

The plaintiff, by reply, in addition to a general denial, pleads estoppel, and challenges the correctness of the application of the provisions of the policy quoted to the facts of the record, as made by the defendant.

On these issues the cause was tried to a jury and a verdict was returned for plaintiff in the amount claimed, and from the judgment of the trial court overruling its motion for a new trial, defendant appeals.

The sole errors relied upon by the appellant arise from instructions of the trial court in submitting the defenses contained in the second and third paragraphs of the answer, which were based solely upon the provisions of the policy above quoted relating to "change of occupation to greater hazard."

A careful reading of the bill of exceptions discloses that no claim was ever made by defendant company under the provisions of the policy in suit relating to "change of occupation to greater hazard," quoted above, until after the institution of this suit. True, the weekly payments of indemnity, which had been regularly made to plaintiff, were stopped on March 19, 1933. The negotiations that ensued between the parties were by correspondence, which forms a part of the record before us. The sole reason given by defendant at this time for its refusal to continue the $25 weekly payments was that the assured was then only partially disabled. However, it does fairly appear that the insurance company was fully advised of the facts which now appear as the basis of relief claimed under paragraphs

two and three of the answer filed by it. Yet, with knowledge of what these facts were, and properly chargeable with the necessary implication such facts carried, the defendant employed the following language in a letter dated April 28, 1933, addressed to the assured, in explanation of its position:

"However, we find that you are now basing your claim for your total disability upon your inability to perform the duties of a vacuum cleaner salesman, canvassing from house to house and giving demonstrations, and it is necessary to point out to you that you were never insured for such duties and such duties do not come within the 'Select' classification at which your policy was issued. You would, therefore, only be entitled to make claim for disability based on your inability to perform duties which come within the 'Select' classification, and as it is now indicated that you could perform some duties of that type, we consider that your condition now is one of partial disability only and that any further payments paid beyond March 19, 1933, should be paid on that basis.

"We appreciate the fact that you would not be able to perform all of your duties as an assistant manager or department manager, but you surely could perform some of them and we would like very much to have you give the matter of the payment of further benefits proper consideration in connection with the duties for which we insure you and your present condition and we will promptly forward our check in payment of benefits beyond March 19, 1933, on the basis of partial disability for the period covered by the last statement of claim you submitted to us as soon as we hear from you."

It fairly appears from the above that the sole reason for its course of conduct was that the assured was then but partially disabled. Indeed, this conclusion finds appreciable support in the language hereinbefore quoted from defendant's answer. No other reason appears to have been given until after the institution of the suit.

The statements quoted from the letter were made, as

appears from the record, by the duly authorized agent of defendant.

This jurisdiction is committed to the view that "A classification of the occupation of an applicant for accident insurance by the general agent of the company on full information of the facts binds the insurer." *Travelers Ins. Co. v. Snowden,* 60 Neb. 263.

It would seem that this principle would be applicable in negotiations between the assured and the company after the occurrence of an accident, with reference to the company's liability therefor.

And in the instant case, when the company, through its agent, with knowledge of the facts, placed its refusal to continue payments on the single ground of "partial disability," the assured was entitled to proceed on that basis.

"The fact that an accident insurance policy provides for recovery of the amount which the premium would purchase under a proper classification does not affect the rule that the company is bound by the classification made by its agent." *Arneberg v. Continental Casualty Co.,* 29 A. L. R. 93 (178 Wis. 428).

We are committed to the rule: "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold." *Mitchell v. Brotherhood of Locomotive Firemen and Enginemen,* 103 Neb. 791. See, also, *Yates v. New England Mutual Life Ins. Co.,* 117 Neb. 265; *Powers v. Bohuslav,* 84 Neb. 179; *Pittenger v. Salisbury & Almquist,* 125 Neb. 672; *Hamblin v. Equitable Life Assurance Society,* 124 Neb. 841.

With knowledge of all the facts, the insurance company, in effect, tacitly waived the defense of "change of occupation to greater hazard" when its agent presented as its sole reason for refusing to continue the weekly payments the fact that the assured had ceased to be totally disabled and was entitled to receive indemnity for partial disability

only, and insisted on reducing the payment of indemnity theretofore made to that amount. This fact is expressly admitted and indeed alleged in the portion of defendant's answer hereinbefore quoted.

The latter feature brings the instant case within the exception to the rule, that the defense of estoppel *in pais* must be pleaded when there is an opportunity to plead it, which exists when the estoppel involved necessarily inheres in the matter of defense which is pleaded by the defendant. Facts so pleaded need not be reiterated by the opposing party in his subsequent pleading to secure full benefits of the inferences they sustain.

"A party entitled to an estoppel need not in all cases formally plead the estoppel. If the facts constituting the estoppel are in any way sufficiently pleaded, he is entitled to the benefit of the law arising therefrom." *City Nat. Bank of Hastings v. Thomas*, 46 Neb. 861. See, also, *Seng v. Payne*, 87 Neb. 812; *Smith v. Liberty Life Ins. Co.*, 118 Neb. 557; *Krekeler v. Ritter*, 62 N. Y. 372; *Farmers Bank v. Glenn*, 68 N. Car. 35; *Bank of Antigo v. Ryan*, 105 Wis. 37.

In discussing a similar question this court, speaking through Howell, J., employed the following language:

"Its reply to plaintiff was, in effect, the company is not concerned about how the insured died or when he died, because the policy lapsed for nonpayment of the premium note which 'became due July 14, 1914.' Whether the reason was a good one, or bad, it precluded itself from setting up another after litigation started.

"In *Powers v. Bohuslav*, 84 Neb. 179, Good, C., now an honored member of this court, was dealing with a suit for commissions on a brokerage contract for the sale of land. The broker secured a purchaser, and the landowner refused to convey the land, giving a certain reason therefor. When sued, he set up another and different defense. On page 184, the court said: 'Defendant, having failed to object upon the ground that the purchaser was willing to pay all cash, instead of deferring a part of the purchase price,

until after litigation was instituted, will not now be heard to make such defense.' In that case, the reply was a general denial, and no estoppel was pleaded.

"In *Hilmer v. Western Travelers Accident Ass'n*, 86 Neb. 285, 291, this court, speaking through Root, J., with reference to another case in this court, in which the insurance company denied the policy was in force, said: 'The company also urged a defense based upon an agreement in the policy. Manifestly it was not just to permit the company to insist that the policy was void for one purpose and valid for another.' Further in the opinion, on page 292, it was said: 'But, if a person before suit refuses to satisfy a demand for particular reasons stated by him to the plaintiff, he will not be permitted after litigation has commenced to change his ground and defend upon entirely different considerations.'

"Strictly speaking, inconsistencies of the kind we are talking about are not to be said to fall under estoppel or election. They partake of both, but it seems to be a rule of procedure based upon manifest justice. 10 R. C. L. 698, sec. 26." *Yates v. New England Mutual Life Ins. Co.*, 117 Neb. 265.

It follows that this rule of procedure, based on manifest justice, is applicable to and decisive under the record before us.

The issue of the character of plaintiff's injury was duly submitted to, and clearly determined by, the jury favorably to plaintiff, and defendant, as already suggested, does not challenge this part of the procedure. Therefore, under the uncontradicted facts of this record, we are precluded from the consideration of the questions which appellant presents on this appeal, as they pertain wholly to matters upon which it had no right to be heard.

By the former opinion in this case, reported *ante*, p. 23, now vacated, appellee was awarded an attorney's fee. In view of additional services, that award is increased to $150 in this court, the same to be in addition to the $150 allowed in the district court.

It follows that the judgment of the trial court is right, and it is

AFFIRMED.