MARY F. BROWN, APPELLEE, v. THE SECURITY MUTUAL LIFE INSURANCE COMPANY OF LINCOLN, NEBRASKA, A CORPORATION, APPELLANT.

36 N. W. 2d 251

Filed March 3, 1949. No. 32496.

*Kuns & Van Steenberg* and *John H. Comstock,* for appellant.

*Torgeson & Halcomb* and *Bernard F. O'Brien,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover on a life insurance contract containing a total-and-permanent-disability, waiver-of-premium provision. Upon issues made trial was had to a jury, resulting in a verdict for the plaintiff. Defendant appeals. We affirm the judgment of the trial court.

Under date of November 28, 1944, the defendant issued a $5,000 life insurance policy, with an annual premium provision, upon the life of Maurice D. Brown. The policy contained a provision for a grace period of one month for the payment of renewal premiums. At the same time, for an additional premium, it attached to the policy a waiver-of-premium contract as follows:

"TOTAL AND PERMANENT DISABILITY PROVISION
"(Waiver of Premium)

"INSURING CLAUSE—The Security Mutual Life Insurance Company, (hereinafter called Company) hereby insures, (subject to all the provisions and conditions hereinafter contained)_____MAURICE D. BROWN _____(hereinafter called Insured), against total and permanent disability beginning while this endorsement is in full force and before the Insured shall have attained the age of Sixty (60) years, and resulting from bodily injuries sustained or disease contracted while this endorsement is in full force and it is understood and agreed that this endorsement is made in conjunction with Life Insurance Policy No. 77353 issued by this Company upon the Life of the Insured.

"DISABILITY BENEFITS

"Upon receipt of due proof of such total and permanent

disability of the Insured (provided that such disability shall already have continued uninterruptedly for a period of at least Six Months), the Company during the continuance of such disability, will

"WAIVER OF PREMUIMS—Waive the payment of each premium falling due after the commencement of such disability, provided the first premium to be waived shall not be a premium which fell due more than six months prior to notice of claim.

## "STANDARD PROVISIONS

"1. Total disability is defined to be total incapacity (resulting from bodily injury or disease) to engage in any occupation for remuneration or profit.

"2. Total disability which has been continuous for not less than Six Months shall be presumed permanent but only for the purpose of permitting commencement of liability hereunder.

"3. In case any premium on said policy or this Endorsement is in default before receipt at the Home Office of the Company of written notice of claim hereunder, waiver of premium hereunder shall be made only if such notice is so received within six months after the due date of the first premium in default, and either

"(a) the permanent and total disability for which claim is made commenced prior to the date of such first premium in default, or

"(b) the permanent and total disability for which claim is made commenced subsequent to the date of such first premium in default but within the grace period allowed by said policy for payment of such premium, in which case, however, the Insured shall be liable to the Company for such premium in default with interest at five per cent per annum.

"4. Written notice of Claim must be given to the Company during the lifetime of the Insured and during the period of disability. Failure to give such notice shall invalidate any claim unless it shall be shown not to have

been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The first annual premiums were paid.

The beneficiary named in the policy at the time of issuance was the wife of the insured, if living, otherwise his children. By change of beneficiary consented to by defendant on November 12, 1945, the insured's mother was made beneficiary, if living, otherwise the children. The mother is plaintiff in this action. At or about that time the insured left the policy, together with policies concerning his children, with the agent of the defendant.

The second annual premiums were not paid.

The defendant died April 29, 1946. On May 15, 1946, Mr. Halcomb, an attorney of Kimball, Nebraska, secured the policy from the agent, and on May 20, 1946, wrote the defendant as follows:

"RE: Policy #77353 Maurice D. Brown

"Will you kindly forward the necessary forms for making proof of loss in connection with the death of the insured under the above numbered policy?

"The insured passed away on or about April 30, 1946 following a long illness. Mr. Brown was in fact totally and permanently disabled from June, 1945 to the date of his death but we have not been advised if he made claim direct to your company by virtue of his disability.

"It may be that the information already filed with your company with particular reference to the insurance policies issued on the lives of his two children Barbara Phyllis Brown and Marshall Dale Brown will suffice except for special data as to the disability.

"Kindly acknowledge receipt of this communication and advise as to what additional data you require."

On May 24, 1946, the defendant wrote Mr. Halcomb as follows:

"Replying to your letter of May 20th:

"I refer you to Paragraph 4 under the Standard Provisions of the Total and Permanent Disability Provision

incorporated in Policy No. 77353 owned by Maurice D. Brown.

" 'Written notice of Claim must be given to the Company during the lifetime of the Insured and.during the period of disability. Failure to give such notice shall invalidate any claim unless it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.'

"The Company never received said written notice from the insured, which is a condition precedent in the policy."

On May 17, 1947, plaintiff brought action to recover on the policy.

By amended petition plaintiff alleged the corporate capacity of the defendant, the issuance of the policy, the payment of the premium, the change of beneficiary, and the waiver-of-premium provision down to but not including the Standard Provisions clause. The plaintiff further alleged that insured became permanently and totally disabled due to disease while the policy was in full force; that insured so continued until his death on April 29, 1946; that the defendant was notified thereof within six months of the date on which the second premium fell due; that notice of death was given on May 20, 1946; that notice of claim for benefits was furnished the defendant; and that defendant disclaimed any liability in connection with or upon said policy.

By amended answer the defendant admitted its corporate capacity, the issuance of this policy, the payment of premium, and the change of beneficiary. It denied generally otherwise, and alleged that insured was not suffering from any total or permanent disability at any time during the period the policy was in effect; that the insured did not during his lifetime give any written notice to the defendant of any claim that he was suffering from a total and permanent disability; that the insured did not submit due proof of any alleged total and permanent disability; and that the defendant's liabil-

ity terminated at the end of the grace period on December 28, 1945.

By reply plaintiff alleged that defendant was notified at or about the time the annual premium was due in November 1945 that the insured was permanently and totally disabled and not required to make the payment; that before six months elapsed from November 28, 1945, the insured was unable by virtue of physical and mental illness and the effect of drugs to give written notice of his disability; that it was not reasonably possible to give written notice or proof of claim prior to insured's death; that notice was given as soon as was reasonably possible; and that payment of the second premium was not required because of the permanent and total disability.

By its letter of May 24, 1946, the defendant declined to act and in effect refused to pay because it never received written notice from the insured as provided in the policy provision that "Written notice of Claim must be given to the Company during the lifetime of the Insured and during the period of disability. Failure to give such notice shall invalidate any claim unless it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

It long has been the rule in this state that " 'Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold.' " McDowell v. Metropolitan Life Ins. Co., 129 Neb. 764, 263 N. W. 145. Other defenses are not to be considered. See, also, Ross v. First American Ins. Co., 125 Neb. 329, 250 N. W. 75; Serven v. Metropolitan Life Ins. Co., 132 Neb. 637, 272 N. W. 922; From v. General American Life Ins. Co., 132 Neb. 731, 273 N. W. 36; Miceli v. Equitable Life Assurance Society, 138 Neb. 367, 293 N. W. 112, on rehearing, 138 Neb. 374, 294 N. W. 659; Farmers Union Fidelity Ins. Co.

v. Farmers Union Co-Op. Ins. Co., 147 Neb. 1093, 26 N. W. 2d 122.

Accordingly defendant limited itself to the defense that it had not received the notice of claim during the lifetime of the insured and during the period of disability, subject to its further construction of the provision in the letter and in its answer that the notice had to be given by the insured. Plaintiff by her reply raised the issue based upon the second sentence of the last quoted provision.

The provision relied upon calls for written notice during the lifetime of the insured and during the period of disability and failure to give such notice shall invalidate any claim. However, the provision does not end there and accordingly we are not confronted with questions of construction and enforceability that would arise if such were the entire provision. There is an exception to the above provision. The claim is not invalidated by failure to give the notice if it be shown "not to have been reasonably possible to give such notice"—in the construction of which must be included from the previous sentence, "during the lifetime of the Insured and during the period of disability," in which event notice must be given as soon as was reasonably possible thereafter. Such we think is a fair and reasonable construction of the language, strengthened by the fact that defendant wrote the language used. Obviously the insured could not give the notice after his death.

Defendant assigns as error that the court erred in admitting in evidence the letter of May 20, 1946. Defendant objected to the letter as immaterial on the ground that there was no evidence to show that it was given on behalf of plaintiff or by her authority. The exhibit was offered at the same time as the letter of May 24, 1946, which was admitted without objection, and it was admitted that the letter of May 20th was received by the defendant. We do not deem it necessary to recite the evidence as to the authority of the writer of the letter.

Defendant having received the notice and acted upon it by denying liability, it is immaterial as to what relationship existed between the sender of the notice and the beneficiary. Continental Casualty Co. v. Buchtel, 74 Neb. 823, 105 N. W. 707. Assuming that the writer of the letter acted without specific authority it is patent that the plaintiff ratified the writing of the letter. The ratification operates as of the date of the writing of the letter. Schneider v. Modern Woodmen of America, 96 Neb. 545, 148 N. W. 334.

Defendant complains of a part of instruction No. 3, which told the jury that as a condition to a verdict for plaintiff it must find that written notice on behalf of the plaintiff was given to the defendant as soon as it was reasonably possible to do so, under all the circumstances shown in the evidence, subsequent to the death of the insured, and in any event on or before May 28, 1946. The complaint is that the instruction disregards the policy provision relative to the time and manner of giving the notice. Under the construction heretofore made of the policy provision involved, the error assigned is not sustained.

Defendant next assigns as error certain parts of instruction No. 4. The court instructed the jury that "You are not concerned with the question of whether or not the insured was permanently disabled for a period of as much as six months, for the reason that the insured died within six months after the due date of the first premium in default." The contention is that the instruction violates that part of the contract that "such disability shall already have continued uninterruptedly for a period of at least Six Months." Under what has been said about the issues that were before the court for determination by the jury, this instruction was not error.

The trial court also instructed the jury that "Provisions No. 3 and No. 4 under the 'Standard Provisions' above quoted are to be construed by you as giving the insured six months after the due date of the first premium in

default, within which to give written notice of his disability. Aside from during a few days of the last two or three weeks of his life, the insured was amply able both physically and mentally to have given written notice of his disability. However, six months after the due date of the first premium in default had not elapsed at the time of his death, and the plaintiff or someone acting in her behalf was required to give such written notice as soon as was reasonably possible after such death. The letter shown by Exhibit 20 was sufficient written notice, if the writer thereof was acting on behalf of the plaintiff. If the writer thereof, was not acting on behalf of the plaintiff, then no written notice was given the defendant, and in such case your verdict will be for the defendant." Objection is made to the first and third sentences in the quoted part of the instruction, on the ground that the court failed to notice the qualifying provision that notice be given during the lifetime of the insured and during the period of disability. In the light of the construction which we have given to that paragraph of the contract, the claimed error is not sustained.

Objection also is made to that part of the next sentence, "The letter shown by Exhibit 20 (May 20, 1946) was sufficient written notice." The instruction obviously refers to written notice of the claim as provided for in paragraph 4 of the "Standard Provisions" of the policy.

Defendant by stopping its quote at the point noted in the paragraph next above argues that it refers to proof of permanent and total disability for the period prescribed in the policy. It is patent from the instruction that the trial court was there referring to notice of the claim and not proof of death. Defendant concedes that it has waived any requirement of giving notice and making proof of death. The proof-of-death requirement and the proof-of-total-and-permanent-disability requirement are separate but on a parity. By the act in which it waived proof of death, defendant also waived proof of permanent and total disability within the terms of the contract.

Defendant then argues that the letter was not a notice of claim but merely a request for blanks upon which to make proof of loss. Defendant construed it otherwise when the letter was received. The letter of May 20, 1946, advised defendant that the insured was "in fact totally and permanently disabled" from June 1945 to the date of his death in April 1946. The defendant did not question that statement nor ask for additional data or showing. It placed its refusal to pay under the contract on other grounds and, as has been pointed out, cannot now raise the question here presented. The instruction put a burden on the plaintiff of proving that the letter was written by one acting in her behalf. As has been pointed out in discussing the admissibility of the letter, that proof was not required. In that respect the instruction was more favorable to the defendant than the issue required. The assigned error is not sustained.

Defendant assigns as error the court's failure to instruct the jury that if the insured was mentally able to give notice of disability, such notice was required prior to the death of the insured. We see no error in that regard.

Defendant challenges the sufficiency of the evidence to sustain the verdict. The insured was a farm laborer with no other particular skill. The evidence shows without dispute that the insured became ill in June 1945. Thereafter in July he was hospitalized with a diagnosis of pneumonia. It developed into a lung abscess. He worked the last time on October 10, 1945. Thereafter he had recurring and more severe periods of illness requiring repeated hospitalization. He was under a doctor's care for the period from June 1945 to his death. He was totally unfit to work during that period. He was last hospitalized on April 4, 1946, and during the last two weeks he was physically and mentally unable to discuss business, and during the last three days of his life was in a comatose or unconscious condition. It further appears without dispute that neither insured nor his former wife,

from whom he was divorced in 1945, nor the plaintiff, nor his friends were advised of the gravity of his illness and the imminence of death. At the time of death the policy was in the possession of the agent of defendant at Kimball, Nebraska. The attorney secured possession of it on May 15, 1946, and the letter of May 20, 1946, followed. Without discussing the evidence further we find no basis for holding it insufficient.

Defendant moved for a directed verdict at the close of the plaintiff's case-in-chief and again at the close of all the evidence. The court overruled the motions. Defendant assigns as error the overruling of the motions. The matters raised by these motions have hereinbefore been determined adversely to defendant and need not be further discussed.

The judgment of the trial court is affirmed.

AFFIRMED.