Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/23/2016 08:09 AM CDT

Todd Steckelberg, appellant, v.
Nebraska State Patrol, appellee.

___ N.W.2d ___

Filed September 23, 2016.    No. S-15-879.

1. **Mandamus: Judgments: Appeal and Error.** An action for a writ of
   mandamus is a law action, and in an appellate review of a bench trial of
   a law action, a trial court's finding has the effect of a jury verdict and
   will not be set aside unless clearly erroneous.
2. **Estoppel: Equity: Appeal and Error.** A claim of equitable estoppel
   rests in equity, and in an appeal of an equity action, an appellate court
   tries factual questions de novo on the record and reaches a conclusion
   independent of the findings of the trial court.
3. **Estoppel: Words and Phrases.** To mend one's hold means that where a
   party has based his or her conduct upon certain reasons stated by him or
   her, he or she will not be permitted, after litigation has commenced, to
   assert other reasons for his or her conduct.
4. **Mandamus: Proof.** A party seeking a writ of mandamus under Neb.
   Rev. Stat. § 84-712.03 (Reissue 2014) has the burden to satisfy three
   elements: (1) The requesting party is a citizen of the state or other
   person interested in the examination of the public records, (2) the docu-
   ment sought is a public record as defined by Neb. Rev. Stat. § 84-712.01
   (Reissue 2014), and (3) the requesting party has been denied access to
   the public record as guaranteed by Neb. Rev. Stat. § 84-712 (Reissue
   2014). If the requesting party satisfies its prima facie claim for release
   of public records, the public body opposing disclosure must show by
   clear and convincing evidence that Neb. Rev. Stat. § 84-712.05 (Reissue
   2014) or Neb. Rev. Stat. § 84-712.08 (Reissue 2014) exempts the
   records from disclosure.
5. **Records: Appeal and Error.** It is incumbent upon the appellant to pre-
   sent a record supporting the errors assigned.
6. ____: ____. The decision of a district court that is reviewing records
   in camera under the public records statutes to allow other persons to

review said records is entrusted to the district court's discretion, and is reviewed for an abuse of that discretion.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and David A. Lopez for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

Todd Steckelberg filed a public records request under Neb. Rev. Stat. § 84-712 (Reissue 2014), seeking records relating to the interview and selection process for a job opening as an "Executive Protection Trooper" with the Nebraska State Patrol (State Patrol). Steckelberg's request was denied, and he sought a writ of mandamus in the district court. Steckelberg's petition for writ of mandamus was denied. He appealed, and we granted the State Patrol's petition to bypass the Nebraska Court of Appeals. We affirm.

## BACKGROUND

Steckelberg is employed by the State Patrol as a trooper. He was an applicant for a lateral transfer to the position of Executive Protection Trooper. Interviews were conducted on March 26, 2015. Another applicant was awarded the position.

On April 5, 2015, Steckelberg requested that he be permitted to review his score sheets and the comments and recommendations from the hiring board. That request was denied, with the State Patrol's human resources division informing Steckelberg that the State Patrol would not provide feedback concerning interviews. That same day, Steckelberg inquired as

to why his own records were not provided to him. Steckelberg was again informed that there would be no feedback given regarding interviews, because such records were considered to be confidential.

On April 9, 2015, Steckelberg made, through counsel, a request under Nebraska's public records laws for "any and all documents regarding the most recent interview for the Executive Protection Trooper position," including "the completed a [sic] score sheet, which each member made notes and comments on, each recommendation and the Board's recommendation to the Superintendent." The State Patrol sent the listing for the open position but otherwise denied Steckelberg's request, with the State Patrol referencing Neb. Rev. Stat. § 84-712.05(15) (Reissue 2014) as the basis for such denial.

On May 6, 2015, Steckelberg sought a writ of mandamus in the Lancaster County District Court, again under Nebraska's public records laws, seeking the records that were the subject of his public records request. Trial on Steckelberg's petition was held on August 14.

The trial court held for the State Patrol and denied Steckelberg's petition for writ of mandamus. The trial court concluded that the records Steckelberg sought could be withheld under § 84-712.05(7), providing that the personal information of personnel could be withheld from examination. The court addressed and rejected Steckelberg's argument that the State Patrol was not permitted to rely on § 84-712.05(7) when its initial denial was purportedly premised on § 84-712.05(15), concluding that its review of the public records request was de novo under Neb. Rev. Stat. § 84-712.03 (Reissue 2014).

Steckelberg appealed. The State Patrol filed a petition to bypass the Court of Appeals, which we granted.

## ASSIGNMENTS OF ERROR

Steckelberg assigns, restated and consolidated, that the trial court erred in (1) allowing the State Patrol to rely on

a different exemption than that originally relied upon, (2) finding that Steckelberg had not met his burden of proof to show that the documents were public records, (3) finding the records were exempt under § 84-712.05(7) and accordingly denying his petition for writ of mandamus, and (4) not allowing Steckelberg to review the records that the court reviewed in camera.

## STANDARD OF REVIEW

[1] An action for a writ of mandamus is a law action, and in an appellate review of a bench trial of a law action, a trial court's finding has the effect of a jury verdict and will not be set aside unless clearly erroneous.[1]

[2] A claim of equitable estoppel rests in equity, and in an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court.[2]

## ANALYSIS

On appeal, Steckelberg makes three basic arguments: (1) that the district court erred in allowing the State Patrol to rely on a different exception to the public records laws than that originally cited by the State Patrol when it denied Steckelberg's request, (2) that the district court erred in finding that the records sought were exempted from disclosure, and (3) that the district court ought to have allowed him to inspect the records during the court's in camera review.

Some background law is helpful. Section 84-712(1) provides that "all citizens of this state and all other persons interested in the examination of the public records as defined in section 84-712.01 are hereby fully empowered and authorized" to examine such records. Neb. Rev. Stat. § 84-712.01(1) (Reissue 2014) provides in part:

---

[1] *State ex rel. Neb. Health Care Assn. v. Dept. of Health*, 255 Neb. 784, 587 N.W.2d 100 (1998).

[2] *Id.*

Except when any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing.

Records "which may be withheld from the public" include 18 separate categories.[3] Section 84-712.03 allows a person who is denied "any rights granted by sections 84-712 to 84-712.03" to file suit. Section 84-712.03(2) provides, in part, that the court with jurisdiction "shall determine the matter de novo and the burden is on the public body to sustain its action."

Before the district court, the State Patrol relied upon § 84-712.05(7)—"[p]ersonal information in records regarding personnel of public bodies other than salaries and routine directory information"—to support the withholding of the records from Steckelberg. In initially denying Steckelberg's request, however, the State Patrol relied on § 84-712.05(15), which provides that the following information may be withheld:

[j]ob application materials submitted by applicants, other than finalists, who have applied for employment by any public body as defined in section 84-1409. For purposes of this subdivision, (a) job application materials means employment applications, resumes, reference letters, and school transcripts and (b) finalist means any applicant (i) who reaches the final pool of applicants, numbering four or more, from which the successful applicant is to be selected, (ii) who is an original applicant when the final pool of applicants numbers less than four, or (iii) who is an original applicant and there are four or fewer original applicants.

---

[3] § 84-712.05.

Estoppel

Steckelberg first argues that the State Patrol should not be permitted to change its reliance under state law from § 84-712.05(15) to § 84-712.05(7). In initially denying Steckelberg's request, the State Patrol cited subsection (15). The State Patrol has since conceded that § 84-712.05(15) is inapplicable, but argues that the records are protected by subsection (7). Steckelberg argues that the State Patrol should not be allowed to "mend [its] hold" in this way.[4]

[3] We have little case law on the concept of mending one's hold. But, generally, to mend one's hold means that "where a party has based his conduct upon certain reasons stated by him, he will not be permitted, *after litigation* has commenced, to assert other reasons for his conduct."[5] The phrase comes from 19th-century wrestling parlance, where it meant to "get a better grip (hold) on your opponent."[6] Its origins in the law are traced to the U.S. Supreme Court's opinion in *Railway Co. v. McCarthy*.[7]

We noted this concept in *Enterprise Co., Inc. v. Nettleton Business College*.[8] In that case, we observed that "[t]he principle prohibiting a party from mending his hold is ordinarily applicable only if some previous conduct on his part would render present assertion of the right unjust."[9]

---

[4] Brief for appellant at 27.

[5] *Hays v. Christiansen*, 114 Neb. 764, 771, 20 N.W. 609, 612 (1926). See, also, *Brown v. Security Mutual Life Ins. Co.*, 150 Neb. 811, 36 N.W.2d 251 (1949); *State, ex rel. Truax, v. Burrows*, 136 Neb. 691, 287 N.W. 178 (1939); *McDowell v. Metropolitan Life Ins. Co.*, 129 Neb. 764, 263 N.W. 145 (1935).

[6] See *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 362 (7th Cir. 1990).

[7] *Railway Co. v. McCarthy*, 96 U.S. (6 Otto) 258, 24 L. Ed. 693 (1877).

[8] *Enterprise Co., Inc. v. Nettleton Business College*, 186 Neb. 183, 181 N.W.2d 846 (1970).

[9] *Id*. at 189, 181 N.W.2d at 851.

And we echoed this concept of prejudice in *State ex rel. Neb. Health Care Assn. v. Dept. of Health*.[10] There, we noted that "[t]he doctrine of equitable estoppel . . . will not be invoked against a governmental entity except under compelling circumstances where right and justice so demand; in such cases, the doctrine is to be applied with caution and only for the purpose of preventing manifest injustice."[11] We concluded the relator-appellant had not shown that it was prejudiced by the appellees' delay in issuing their denial of access to certain documents.

We therefore examine this record for prejudice caused as a result of the State Patrol's change in position. We find none. Steckelberg's request for the records was denied within days of making of the request. Initially, § 84-712.05(15) was cited, but by the time the State Patrol filed its answer, it cited to subsection (7). There is nothing in the record to suggest that during the district court litigation of this matter, the State Patrol argued that records were exempted under subsection (15). This conclusion is reinforced by the district court's correct observation that its review of the State Patrol's denial was de novo.

Steckelberg's first assignment of error is without merit.

### ACCESS TO RECORDS

Steckelberg next argues that the district court erred in finding that he did not meet his burden to show that the records were public records. The district court reasoned both that Steckelberg had not met his initial burden to show that the records in question were public records and that even if that burden had been met, the State Patrol had shown that the records were exempt under § 84-712.05(7).

[4] This is a mandamus action. A party seeking a writ of mandamus under § 84-712.03 has the burden to satisfy three elements: (1) The requesting party is a citizen of the state

---

[10] *State ex rel. Neb. Health Care Assn. v. Dept. of Health, supra* note 1.

[11] *Id*. at 796, 587 N.W.2d at 108.

or other person interested in the examination of the public records, (2) the document sought is a public record as defined by § 84-712.01, and (3) the requesting party has been denied access to the public record as guaranteed by § 84-712. If the requesting party satisfies its prima facie claim for release of public records, the public body opposing disclosure must show by clear and convincing evidence that § 84-712.05 or Neb. Rev. Stat. § 84-712.08 (Reissue 2014) exempts the records from disclosure.[12]

We agree with Steckelberg insofar as he argues that the district court erred in finding that he had not met his initial burden. It is undisputed that Steckelberg is a citizen or otherwise interested party and that he has been denied access to the records sought. Steckelberg has also shown that the records sought were those belonging to the State Patrol, an agency of the State, and thus were public records as defined by § 84-712.01. Indeed, the State Patrol concedes that Steckelberg has met his burden.

We turn next to the question of whether the State Patrol showed that the records fall within an exemption listed in § 84-712.05.

Steckelberg argues that these records do not fit within § 84-712.05(7) for two reasons: (1) The State Patrol's own evidence shows that the records sought are not part of an employee's personnel record, and (2) the records sought fit more neatly into § 84-712.05(15), which the State Patrol concedes is otherwise inapplicable.

Steckelberg's first argument—that the State Patrol's own evidence shows the records are not personnel records—misses the mark. The State Patrol did produce an affidavit stating that the records were not kept with an employee's personnel record, but were kept separately by the State Patrol's human resources division. But § 84-712.05(7) exempts "[p]ersonal information in records regarding personnel." The district court found that

---

[12] *Evertson v. City of Kimball*, 278 Neb. 1, 767 N.W.2d 751 (2009).

the information in the records sought did contain personal information. And the information was about employees, otherwise known as personnel,[13] of the State Patrol. There is no requirement in § 84-712.05(7) that in order to be exempt, the records must be kept within an employee's personnel record, as used as a term of art; the records need only be personal information about personnel, defined as persons employed by an organization.[14]

[5] We also note that the records in question are not part of our appellate record, nor did either party request their inclusion in our record. It is incumbent upon the appellant to present a record supporting the errors assigned.[15] To the extent Steckelberg suggests that the district court erred in its finding that the sought-after records contained personal information, we cannot reach that issue, because we do not have those records.

Steckelberg also argues that the records fit more squarely into § 84-712.05(15), which all agree is otherwise inapplicable on these facts. Steckelberg argues that records such as this are not open for examination where the applicants are not finalists, but are open when the applicants are finalists, as is the case here. Though not entirely specific, Steckelberg appears to be arguing that if § 84-712.05(7) is read broadly enough to exempt these materials, then there is no purpose behind the exemption provided by § 84-712.05(15).

This argument is without merit. Section 84-712.05(15) provides that "job application materials" of applicants, "other than finalists," are exempt from examination. Job application materials are defined in subsection (15) as "employment applications, resumes, reference letters, and school transcripts."

---

[13] See Webster's Third New International Dictionary of the English Language, Unabridged 1687 (1993).

[14] See *id*.

[15] See *Roskop Dairy v. GEA Farm Tech.*, 292 Neb. 148, 871 N.W.2d 776 (2015).

It is conceded that Steckelberg was a finalist. But even if he had not been, he sought "the completed a [sic] score sheet, which each member made notes and comments on, each recommendation and the Board's recommendation to the Superintendent." These records are not "job application materials" as defined by § 84-712.05(15).

Section 84-712.05(7) does not infringe upon the exemption provided by § 84-712.05(15). As such, Steckelberg's second argument and his second and third assignments of error are without merit.

## IN CAMERA REVIEW

Finally, Steckelberg argues that he ought to have been permitted to inspect the records during the district court's in camera review. Section 84-712.03(2) provides in relevant part that "[t]he court may view the records in controversy in camera before reaching a decision, and in the discretion of the court other persons, including the requester, counsel, and necessary expert witnesses, may be permitted to view the records, subject to necessary protective orders."

[6] This decision, then, is entrusted to the discretion of the court. And we review for an abuse of that discretion. We cannot find an abuse of discretion in this case. There was nothing about the nature of these records that required any other person to be present to help the court decipher the meaning of the records in question. To allow Steckelberg to be present for this review would obviate the need for the underlying litigation.

There is no merit to Steckelberg's final assignment of error.

## CONCLUSION

The records Steckelberg seeks to view are exempted under § 84-712.05(7). As such, the district court did not err in denying Steckelberg's petition for writ of mandamus. The decision of the district court is affirmed.

AFFIRMED.

STACY, J., not participating.