Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/28/2017 09:13 AM CST

Eunice Nyamatore, appellant, v. Barbara J. Schuerman
and Omaha Transit Authority, also known as
Transit Authority of Omaha, doing business
as Metro Area Transit, appellees.

___ N.W.2d ___

Filed October 31, 2017.    No. A-16-881.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. **Estoppel: Equity: Appeal and Error.** A claim of equitable estoppel rests in equity, and in an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court.

3. **Statutes: Immunity: Waiver: Intent.** Statutes that purport to waive sovereign immunity must be clear in their intent and are strictly construed in favor of the sovereign and against the waiver.

4. **Political Subdivisions Tort Claims Act: Jurisdiction.** While not a jurisdictional prerequisite, the filing or presentment of a claim to the appropriate political subdivision is a condition precedent to commencement of a suit under the Political Subdivisions Tort Claims Act.

5. **Estoppel.** The doctrine of equitable estoppel will not be invoked against a governmental entity except under compelling circumstances where right and justice so demand; in such cases, the doctrine is to be applied with caution and only for the purpose of preventing manifest injustice.

6. **Limitations of Actions: Political Subdivisions.** There is no duty on the part of a political subdivision, or any other party, to inform an adversary of the existence of a statute of limitations or other nuances of the law.

Appeal from the District Court for Douglas County: Horacio
J. Wheelock, Judge. Affirmed.

Paul M. Muia, of Law Offices of Paul M. Muia, for
appellant.

Ryan M. Kunhart and Jeffrey J. Blumel, of Dvorak Law
Group, L.L.C., and Kelsey M. Weiler, of Abrahams, Kaslow &
Cassman, L.L.P., for appellees.

Moore, Chief Judge, and Bishop and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Eunice Nyamatore appeals from an order of the district
court which granted summary judgment in favor of Barbara J.
Schuerman and Omaha Transit Authority (collectively OTA).
On appeal, Nyamatore argues the district court erred in grant-
ing summary judgment in favor of OTA. She also asserts
that the district court erred in finding that equitable estoppel
did not apply in this matter. For the reasons set forth below,
we affirm.

## BACKGROUND

On June 19, 2015, Nyamatore was a passenger on a bus
owned and operated by OTA. The bus was involved in an
accident, and Nyamatore suffered injuries as a result of the
accident. Nyamatore, through counsel, sent a letter of notice
of claim to Edith A. Simpson, the legal and human resources
director for OTA. The letter was dated July 9, 2015. Simpson
was the only named recipient of the notice of claim.

As the legal and human resources director for OTA,
Simpson is responsible for providing OTA with legal advice
and coordinating OTA's outside legal counsel. Additionally,
Simpson is responsible for the administration and coordi-
nation of OTA's human resources functions. At the time
Nyamatore sent her letter to Simpson, Simpson was not
a clerk, secretary, or other official whose duty it was to

maintain the official records of OTA, nor had she ever held that position. The executive director of OTA is the only official whose duty it is to maintain the official records of OTA. At the time the notice was received, Curt Simon was the executive director for OTA.

Simpson, on behalf of OTA, responded to Nyamatore's notice in a letter dated April 15, 2016. In the letter, Simpson discussed settling Nyamatore's claim against OTA. Following Simpson's response to Nyamatore, Nyamatore filed a complaint in the district court on May 5, approximately 11 months after the accident.

A few days after Nyamatore filed her complaint in district court, Simpson sent her another letter, dated May 13, 2016. In this letter, Simpson again tried to settle the dispute between Nyamatore and OTA.

OTA filed its answer to Nyamatore's complaint on June 20, 2016. OTA alleged as an affirmative defense that Nyamatore failed to comply with the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012), thereby barring her claim.

OTA filed a motion for summary judgment on July 1, 2016. The district court held a hearing on the motion on August 19. On September 6, the district court entered an order granting OTA's motion for summary judgment. Nyamatore appeals.

## ASSIGNMENTS OF ERROR

Nyamatore argues, restated and consolidated, that the district court erred in (1) granting OTA's motion for summary judgment and (2) finding equitable estoppel did not apply under the facts of this case.

## STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter

of law. *deNourie & Yost Homes v. Frost*, 289 Neb. 136, 854 N.W.2d 298 (2014). An appellate court must view the evidence in the light most favorable to the party against whom the judgment was granted, and give that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

In actions brought pursuant to the PSTCA, the factual findings of the trial court will not be disturbed on appeal unless clearly wrong. *Funk v. Lincoln-Lancaster Cty. Crime Stoppers*, 294 Neb. 715, 885 N.W.2d 1 (2016).

[2] A claim of equitable estoppel rests in equity, and in an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court. *Steckelberg v. Nebraska State Patrol*, 294 Neb. 842, 885 N.W.2d 44 (2016).

## ANALYSIS

### Notice Requirements
### Under PSTCA

Nyamatore argues the district court erred in granting OTA's motion for summary judgment because she substantially complied with the notice requirement under the PSTCA. We disagree.

[3] The PSTCA provides limited waivers of sovereign immunity. *Shipley v. Department of Roads*, 283 Neb. 832, 813 N.W.2d 455 (2012). Statutes that purport to waive sovereign immunity must be clear in their intent and are strictly construed in favor of the sovereign and against the waiver. See *King v. State*, 260 Neb. 14, 614 N.W.2d 341 (2000). Section 13-919 provides in part: "Every claim against a political subdivision permitted under the [PSTCA] shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body." The same limitation applies for suits against an employee of a political subdivision. See § 13-920.

In this case, Nyamatore sent a letter to OTA's legal and human resources director approximately 3 weeks after the

accident. However, OTA argues that Nyamatore's letter did not constitute proper notice "in writing to the governing body" because the letter did not comply with § 13-905, which provides as follows:

All tort claims under the [PSTCA] shall be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision. It shall be the duty of the official with whom the claim is filed to present the claim to the governing body. All such claims shall be in writing and shall set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant.

[4] While not a jurisdictional prerequisite, the filing or presentment of a claim to the appropriate political subdivision is a condition precedent to commencement of a suit under the PSTCA. *Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003). If a political subdivision, by an appropriately specific allegation in a demurrer or answer, raises the issue of the plaintiff's noncompliance with the notice requirement of § 13-905 of the PSTCA, the plaintiff has the burden to show compliance with the notice requirement. *Id.*

The facts of this case are extremely similar to the facts in *Estate of McElwee, supra*, including that OTA was the defendant therein. In *Estate of McElwee*, the Nebraska Supreme Court found that the plaintiff failed to satisfy the notice requirement of the PSTCA because the plaintiff served notice of claim on the defendant's director of administration and human resources rather than the individual responsible for maintaining the defendant's official records—the defendant's executive director of the board of directors—upon whom service was required by the PSTCA.

Nyamatore concedes that this matter was brought under the PSTCA. She also appears to concede that she did not forward her letter to the correct individual at OTA. However, Nyamatore argues that she substantially complied with the PSTCA because OTA was put on notice with the letter she sent to Simpson. Nyamatore also argues that OTA was put on notice of the claim since Simpson was authorized by OTA to offer two different settlement sums. The Nebraska Supreme Court has applied a substantial compliance analysis when there is a question about whether the content of the required claim meets the requirements of the PSTCA; however, the court has expressly held that if the notice is not filed with the person designated by statute as the authorized recipient, a substantial compliance analysis is not applicable. *Niemoller v. City of Papillion*, 276 Neb. 40, 752 N.W.2d 132 (2008).

In *Estate of McElwee*, 266 Neb. at 325, 664 N.W.2d at 468, the Nebraska Supreme Court addressed a substantial compliance argument:

While § 13-905 does facilitate the timely investigation of claims . . . it is also obviously intended to ensure that notice of pending claims is provided to those who have a legal duty to file those claims in the official records of the political subdivision, and to notify the governing body of the subdivision.

While a subordinate employee may ultimately be directed to oversee the administration of the claim, it is still necessary that the claim be filed in the official records and made known to the governing body, and § 13-905 facilitates this purpose by requiring that claims be presented to the officer of the political subdivision with the legal responsibility for filing such records. "It would defeat the purpose of § 13-905 if mere knowledge of an act or omission, by a nondesignated party, was sufficient to satisfy the requirements of that section." . . . In any event, we are not at liberty to ignore the plain language of the statute. In the absence of ambiguity, courts must

give effect to statutes as they are written. [The human resources director] did not have any of the duties set forth by the unambiguous language of § 13-905, so the notice of claim directed to [her] was not effective notice under the [PSTCA]. The plaintiff's purported claim did not meet the plainly stated requirements of § 13-905.

(Citations omitted.)

This issue was again addressed in *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015). There, the plaintiff filed his claim with the chief executive officer (CEO) of the hospital. The evidence demonstrated that although the CEO actually maintained the records of the hospital (a political subdivision), the secretary of the board of trustees of the hospital was the person who was given the duty to maintain the records of the hospital under its bylaws. Therefore, the secretary of the board of trustees was the person with whom the claim had to be filed. The evidence demonstrated that the CEO discussed the claim with the board of trustees, including the secretary. The court held that filing with an official who does not have the duty to maintain the official records of the political subdivision does not satisfy the PSTCA. The court noted that there was no evidence that the CEO was a de facto clerk, secretary, or official recordkeeper and that no misrepresentation was made by the CEO or the hospital that the CEO was the person designated by statute to receive claims.

The undisputed evidence received at the hearing herein established that Simon, the executive director of OTA, was the only official whose duty it was to maintain the official records of OTA. Simpson was the only named recipient on the letter of notice of claim sent to OTA. Nyamatore failed to present any evidence that she complied with the notice requirements of the PSTCA, nor did she present any evidence that Simpson was a de facto clerk or official recordkeeper. She also provided no evidence that Simpson misrepresented herself as the official recordkeeper of OTA. Therefore, we find that the district court did not err in granting summary judgment in favor of OTA.

Equitable Estoppel

Nyamatore argues that the district court erred in not finding that equitable estoppel applied in this matter because Simpson's actions led Nyamatore to rely on the premise that OTA received notice of Nyamatore's claim against it. We disagree.

[5,6] The doctrine of equitable estoppel will not be invoked against a governmental entity except under compelling circumstances where right and justice so demand; in such cases, the doctrine is to be applied with caution and only for the purpose of preventing manifest injustice. *Steckelberg v. Nebraska State Patrol*, 294 Neb. 842, 885 N.W.2d 44 (2016). There is no duty on the part of a political subdivision, or any other party, to inform an adversary of the existence of a statute of limitations or other nuances of the law. *Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003); *Woodard v. City of Lincoln*, 256 Neb. 61, 588 N.W.2d 831 (1999). Six elements must be satisfied for the doctrine of equitable estoppel to apply: (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct will be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel. *Capitol City Telephone v. Nebraska Dept. of Rev.*, 264 Neb. 515, 650 N.W.2d 467 (2002).

Two cases with somewhat similar facts to the present case are helpful to our analysis. In *Willis v. City of Lincoln*, 232 Neb. 533, 441 N.W.2d 846 (1989), counsel for the claimant sent a letter to a city agency requesting that an insurance representative for the city contact him regarding injuries the claimant

had received while being transported on a city handibus. An insurance adjuster thereafter contacted counsel for the claimant. Additional medical records were provided to the adjuster, and further telephone conversations ensued. No further actions were taken by the city. Following the filing of suit in the district court, the city's motion for summary judgment was sustained. The Nebraska Supreme Court affirmed. The court stated that there was no evidence that any city official informed the claimant or his counsel that proper filing of a claim was necessary under the PSTCA. The court further found that the PSTCA contains a clear procedure for filing a claim against a municipality. Therefore, the city was not estopped from denying the claimant's compliance with the notice requirement of the PSTCA.

In *Lowe v. Lancaster Cty. Sch. Dist. 0001*, 17 Neb. App. 419, 766 N.W.2d 408 (2009), we applied the doctrine of equitable estoppel to allow an action against the Lincoln Public Schools (LPS) to proceed. In *Lowe*, counsel for the claimant made inquiry to LPS employees as to where specifically he should provide the claim on two separate occasions. He was given incorrect information both times. Moreover, he was later provided a carefully worded letter from the person he was instructed to provide the claim to that acknowledged receipt of the claim but did nothing to correct the incorrect information previously supplied by the LPS employees. We found that viewed in the light most favorable to the claimant, the letter could be seen as calculated to convey the impression to the claimant's attorney that the claim was properly filed. As a result, we reversed the district court's grant of summary judgment to LPS.

This case lies between *Willis, supra*, and *Lowe, supra*. However, we find that the offers of settlement sent by OTA to counsel for Nyamatore do not provide a basis for equitable estoppel. Nyamatore, through her counsel, did not lack the knowledge or the means to acquire the knowledge necessary to properly file the claim. The PSTCA details the procedure

for filing a claim against a political subdivision. There is a significant volume of case law on this issue. *Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003), involves the same political subdivision and even directs claimants how to properly file the notice of claim to OTA. We further note that (unlike *Lowe, supra*) Nyamatore presented no evidence demonstrating what, if any, steps were taken by her counsel to determine the proper official with whom the claim should be filed. Moreover, there is no evidence that any official of OTA made any affirmative representation to her counsel that misinformed him of the proper manner of filing. As we have stated, there is no duty on the part of a political subdivision, or any other party, to inform an adversary of the existence of a statute of limitations or other nuances of the law. *Estate of McElwee, supra*; *Woodard v. City of Lincoln*, 256 Neb. 61, 588 N.W.2d 831 (1999). Upon our de novo review, we find that the district court did not err in finding that equitable estoppel did not apply in this matter.

As was stated by our Supreme Court in *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015), we recognize that the procedural requirements of the PSTCA can lead to harsh results, particularly where, as here, the evidence demonstrates OTA's knowledge and consideration of the claim. However, our Supreme Court has consistently demanded strict compliance with statutory requirements in cases involving a waiver of sovereign immunity. See *Jill B. & Travis B. v. State*, 297 Neb. 57, 899 N.W.2d 241 (2017). It is the province of the Legislature to amend the statute if something less than strict compliance with procedural requirements is to be demanded. The courts do not possess that power. See *Brothers, supra*.

## CONCLUSION

We find the district court did not err in granting OTA's motion for summary judgment. We also find that the district court did not err in finding that equitable estoppel did not apply under the facts of this case.

AFFIRMED.